IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. |
| | ) |
| TARGET RECOVERY TOWING INC. and | ) |
| TARGET RECOVERY & TRANSPORT INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

The United States of America ("United States") alleges as follows:

**INTRODUCTION AND NATURE OF ACTION**

1. This action is brought by the United States to enforce the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against Target Recovery Towing Inc. and Target Recovery & Transport Inc. (hereinafter collectively "the Target Defendants").

2. The purpose of the SCRA is to provide certain protections to those in military service when towing companies and other entities seek to engage in conduct that could adversely affect servicemembers. These protections enable servicemembers to fully devote themselves to the Nation's defense. One of these protections is the requirement that a court review and approve a towing company's enforcement of a storage lien on a servicemember's vehicle during, or within ninety days after, a period of military service. 50 U.S.C. § 3958. The court reviewing such a matter may delay enforcement of the storage lien or adjust the amount of the servicemember's obligation to the towing company. *Id.* at § 3958(b).

3. When a towing company fails to obtain a court order prior to auctioning off a servicemember's vehicle, that servicemember is deprived of his or her right to have a court postpone the auction and/or, under certain circumstances, adjust the amount the towing company can charge the servicemember.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345 and 50 U.S.C. § 4041. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this action occurred in this judicial district.

## PARTIES

5. Defendant Target Recovery Towing Inc. is a Florida corporation in good standing with a principal address of 3745 North Florida Avenue in Tampa, Florida. Upon information and belief, at all times relevant to this complaint, Defendant Target Recovery Towing Inc. also conducted business as Target Recovery & Transport and TARGET R/T.

6. Defendant Target Recovery & Transport Inc. is a Florida corporation that has been inactive since September 28, 2018, with a principal address of 2805 North Florida Avenue in Tampa, Florida. Upon information and belief, at all times relevant to this complaint, Defendant Target Recovery & Transport Inc. also conducted business as Target Recovery & Transport and TARGET R/T.

## FACTUAL ALLEGATIONS

7. At all times relevant to the facts at issue, Jennifer Eunjung Wilbur was a full-time active duty member of the United States Marine Corps with the rank of Sergeant ("Sgt."). At all times relevant to the facts at issue, Jennifer Eunjung Wilbur's legal name was Jennifer Eunjung Ko ("Sgt. Ko"). Sgt. Ko left military service under honorable conditions on about June 27, 2020.

Between about February 2017 and about February 2019, Sgt. Ko was deployed as part of the 9th Engineer Support Battalion for the 3d Marine Logistics Group at Camp Hansen in Okinawa, Japan.

8. In early 2017, prior to her deployment to Okinawa, Japan, Sgt. Ko left her 2011 four-door Nissan Versa with California license plates and at least one military decal in the care of her sister, who parked the car in the Panther Trace community in Hillsborough County, Florida. Stored in the vehicle was a surfing long board, clothing items, and a Tupperware bin full of documents that contained personally identifiable information about Sgt. Ko, including her Social Security Number, date of birth, and military employment status.

9. On about March 23, 2018, the Target Defendants towed Sgt. Ko's vehicle from a Riverview, Florida, community where it had been parked by her sister to a tow yard at 6330 Jensen Road in Tampa, Florida.

10. On about May 1, 2018, the Target Defendants sent a Notice of Claim of Lien and Proposed Sale of Vehicle, Mobile Home or Vessel ("Sale Notice") to Sgt. Ko via United States Postal Service certified mail. The Sale Notice stated that the Target Defendants would auction off Sgt. Ko's Nissan Versa on May 18, 2018 to enforce their lien for towing and storage charges.

11. The Target Defendants knew or reasonably should have known that it was likely that Sgt. Ko was a servicemember because the Nissan Versa had at least one military decal, military documents were in the car, and Ko had an address of record at a United States Marine Corps Base and a vehicle loan through Navy Federal Credit Union.

12. The Sale Notice was addressed to Sgt. Ko at "CLB 15 Engineer Det., P.O. Box 555717, Pendleton, CA 92055," and was returned to the sender marked "addressee unknown" on about May 13, 2018.

13. The Target Defendants' own records show that on May 7, 2018, the Sale Notice was "tendered to [a] military agent" at Camp Pendleton before being returned to the Target Defendants marked "addressee unknown."

14. Furthermore, a simple internet search of the term "CLB 15 Engineer Det." would have revealed that it is the Combat Logistics Battalion 15 in the United States Marine Corps based out of Camp Pendleton, California.

15. On about May 1, 2018, the Target Defendants also sent a copy of the Sale Notice to the lien holder on Sgt. Ko's 2011 Nissan Versa, "Navy FCU" (Navy Federal Credit Union), via United States Postal Service certified mail. Like the Sale Notice that was sent to Sgt. Ko, this Sale Notice stated that Sgt. Ko's Nissan Versa would be auctioned off on May 18, 2018 by the Target Defendants to enforce a lien for towing and storage charges.

16. A simple internet search of the term "Navy Federal Credit Union" would have revealed that its membership is restricted to members of the armed forces, the Department of Defense, veterans, and their families.

17. On about May 18, 2018, despite having ample evidence that Sgt. Ko was an active duty servicemember, the Target Defendants auctioned off her 2011 Nissan Versa without first obtaining a court order.

18. After the auction, Sgt. Ko continued to make monthly payments for the vehicle to Navy Federal Credit Union, even though she no longer had the car.

19. On about October 30, 2018, the Department of Justice notified the Target Defendants that it was opening an investigation into their policies and practices with respect to enforcing liens on the property or effects of servicemembers without court orders.

20. In response, on about December 20, 2018, counsel for the Target Defendants informed the United States that "[w]ithout actual notice . . . [Target Recovery Towing Inc.] had no way of knowing that the subject vehicle [Sgt. Ko's 2011 Nissan Versa] was owned by an active duty service member."

21. At all times relevant to this complaint, the Department of Defense provided individuals and entities seeking to comply with the SCRA a free automated database run by the Defense Manpower Data Center ("DMDC database") to check whether an individual is an SCRA protected servicemember.

22. At all times relevant to this complaint, the Target Defendants' procedures did not include checking the DMDC database, or using any other process to determine vehicle owners' military status prior to auctioning off their vehicles without court orders.

23. At all times relevant to this complaint, the Target Defendants had no written policies concerning compliance with the SCRA.

24. At all times relevant to this complaint, it was the Target Defendants' practice not to seek or obtain court orders to comply with the SCRA prior to enforcing storage liens.

25. Tampa, Florida, where the Target Defendants are based, is home to MacDill Air Force Base, which is staffed by about 15,000 military members.

## SERVICEMEMBER CIVIL RELIEF ACT VIOLATION

26. Section 3958 of the SCRA, 50 U.S.C. § 3958, provides that "[a] person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects *without a court order granted before the foreclosure or enforcement*."  50 U.S.C. §

3958(a)(1) (emphasis added).  There is no requirement that a servicemember inform the lien holder of his or her military service.

27.     For purposes of 50 U.S.C. § 3958(a)(1), "the term 'lien' includes a lien for storage, repair, or cleaning of the property or effects of a servicemember or a lien on such property or effects for any other reason."  50 U.S.C. § 3958(a)(2).

28.     The Target Defendants' act of auctioning off Sgt. Ko's vehicle without a court order is a violation of the SCRA that raises an issue of significant public importance under 50 U.S.C. § 4041(a)(2).

29.     Sgt. Ko is a "person aggrieved" pursuant to 50 U.S.C. § 4041(b)(2) and has suffered damages as a result of the Target Defendants' conduct.

30.     The Target Defendants' conduct was intentional, willful, and taken in reckless disregard for the rights of Sgt. Ko.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter an order that:

1.     Declares that the Target Defendants' conduct violated the SCRA;

2.     Enjoins the Target Defendants, their agents, employees, and successors, and all other persons and entities in active concert or participation with them, from:

    a.     auctioning off the motor vehicles of SCRA-protected servicemembers without court orders, in violation of the SCRA, 50 U.S.C. § 3958;

    b.     failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of the Target Defendants' illegal conduct;

   3. Awards appropriate monetary damages to Sgt. Ko pursuant to 50 U.S.C. § 4041(b)(2); and

   4. Assesses civil penalties against the Target Defendants in order to vindicate the public interest, pursuant to 50 U.S.C. § 4041(b)(3).

   The United States further prays for such additional relief as the interests of justice may require.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

Dated: August 18, 2020.

                                Respectfully submitted,

                                WILLIAM P. BARR
                                Attorney General

| | |
|---|---|
| MARIA CHAPA LOPEZ<br>United States Attorney<br>Middle District of Florida | /s/ Eric S. Dreiband<br>ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| /s/ Tiffany Cummins Nick<br>TIFFANY CUMMINS NICK<br>Assistant United States Attorney<br>Civil Division<br>United States Attorney's Office<br>400 West Washington Street, Suite 3100<br>Orlando, Florida  32801<br>Florida Bar No. 0053032<br>Tel: (407) 648-7500<br>Fax: (407) 648-7643<br>E-mail: tiffany.nick@usdoj.gov | /s/ Sameena S. Majeed<br>SAMEENA SHINA MAJEED<br>Chief<br>Housing and Civil Enforcement Section<br><br>/s/ Elizabeth A. Singer<br>ELIZABETH A. SINGER<br>Director<br>U.S. Attorneys Fair Housing Program<br>Housing and Civil Enforcement Section<br><br>/s/ Tanya Ilona Kirwan<br>TANYA ILONA KIRWAN, MD Bar<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Rights Division<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue, N.W.– 4CON<br>Washington, D.C.  20530<br>Email: tanya.kirwan@usdoj.gov<br>Tel: 202-305-4973<br>Fax: 202-514-1116 |

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Target Recovery Towing Inc. & Target Recovery & Transport Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Hillsborough
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Tiffany Cummins Nick, Assistant United States Attorney; 400 W. Washington St., Suite 3100; Orlando, FL 32801

Attorneys (If Known)
Jason A. Goldstein, Goldstein Law

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | [X] 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
50 U.S.C. § 3958
Brief description of cause:
Failure to obtain court order before auctioning off vehicle in violation of Servicemembers Civil Relief Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)  JUDGE _____  DOCKET NUMBER _____

DATE 8/18/2020
SIGNATURE OF ATTORNEY OF RECORD  /s/ Tiffany Cummins Nick

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____